**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| T.S.,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS AND RESORTS, INC. f/k/a WYNDHAM WORLDWIDE CORPORATION, d/b/a SUPER 8 HOTEL, SARAH HOSPITALITY, INC., WYNDHAM HOTEL GROUP, LLC AND SUPER 8 WORLDWIDE, INC.,<br><br>Defendants. | Case No. 0:23-cv-02530-PJS-ECW |

**DEFENDANTS WYNDHAM HOTELS & RESORTS, INC., WYNDHAM HOTEL GROUP, LLC AND SUPER 8 WORLDWIDE, INC.'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

Defendants Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC and Super 8 Worldwide, Inc. (collectively, the "Wyndham Defendants") submit this response in opposition to Plaintiff's Motion to Proceed under Pseudonym and for Protective Order ("Motion"), ECF No. 52.

## I. PRELIMINARY STATEMENT

While the Wyndham Defendants do not oppose a reasonable protective order, Plaintiff's proposed order is not reasonable. Among other unworkable provisions, the proposed protective order requires the Wyndham Defendants to provide advance notice before contacting any of the "trafficker's associates," but Plaintiff refuses to identify those persons or even define the scope of the word "associate." Plaintiff's proposed order

therefore leaves the Wyndham Defendants to guess as to whom they may or may not contact, and to risk contempt of Court if they guess wrong. Plaintiff's proposed order also chills any investigation into Plaintiff's claims by requiring that the Wyndham Defendants obtain a signed undertaking from any potential fact witness prior to asking that witness a single question about Plaintiff, regardless of whether the question connects Plaintiff to this case and regardless of whether the potential witness poses any threat to Plaintiff's safety. And, more fundamentally, Plaintiff has not offered and the proposed order does not include "good cause" for curtailing the Wyndham Defendants' right to investigate and defend against Plaintiff's claims.

Plaintiff's proposed protective order is virtually identical to the protective order her counsel has advocated for in several other TVPRA cases against the Wyndham Defendants. In those cases, the parties conferred and agreed to certain edits to the form of order submitted with Plaintiff's motion. Submitted contemporaneously herewith is the Wyndham Defendants' proposed protective order, along with a redline showing edits made to Plaintiff's proposed protective order. Plaintiff's counsel agreed to many of these changes in the other cases. The five (5) changes which Plaintiff's counsel has disputed are discussed below. The Wyndham Defendants respectfully request that the Court enter the revised protective order submitted with this response.

## II. ARGUMENT AND AUTHORITIES

When a plaintiff is permitted to proceed anonymously, the protective order should ensure that the defendants have an "uninhibited opportunity to litigate" the matter and investigate the plaintiff's claims. *See Doe v. Grinnell Coll.*, No. 4:17-cv-079-RGE-SBJ,

2017 U.S. Dist. LEXIS 235951, at *10 (S.D. Iowa July 10, 2017) (internal quotations and citation omitted). The Wyndham Defendants do not oppose either Plaintiff's request to proceed by pseudonym in pre-trial, public filings[1] or the entry of a reasonable protective order. Plaintiff's proposed protective order, however, would inhibit the Wyndham Defendants' ability to investigate Plaintiff's allegations in multiple respects. *See Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to present every available defense.") (internal quotations and citation omitted).

***First***, Plaintiff asks the Court to shield Plaintiff's identity from ***all*** potential non-party witnesses unless defendants believe "in good faith" that the individual "may be called to testify at trial or deposition" and obtain a signed undertaking. *See* Dkt. 54 at 8 (Sections III.C.iii-v). The Wyndham Defendants cannot know whether someone may be a trial witness before they talk to that person. Moreover, the requirement that any person agree to an undertaking before providing information will significantly inhibit the investigation of Plaintiff's claims; many (if not most) witnesses in cases like these are reluctant to sign an official court document presented by an unfamiliar attorney. For example, Plaintiff's proposed protective order would require a potential witness to sign an undertaking before that individual may be asked whether they recognize Plaintiff or are familiar with her name or any aliases she may have used. This is why at least one other district court to consider this issue concluded that "requiring the written agreement of potential witnesses before any disclosures can be made would ***significantly hamper*** defendants' ability to investigate."

[1] The Wyndham Defendants expressly reserve the right to oppose any request by Plaintiff to proceed anonymously during trial.

*S.Y. v. Choice Hotels Int'l,* No. 2:20-cv-118-JES-MRM, 2021 U.S. Dist. LEXIS 174121, at *28 (M.D. Fla. Sep. 14, 2021) (emphasis added); *see also H.H. v. G6 Hosp., LLC*, No. 2:19-cv-00755, 2020 U.S. Dist. LEXIS 165285, at *8 (S.D. Ohio Sep. 10, 2020) (denying plaintiff's motion to modify protective order to require that individuals sign acknowledgment and agreement to be bound before disclosure of plaintiff's identity because plaintiff failed to establish good cause for modification); *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-00849, 2020 U.S. Dist. LEXIS 165293, at *12 (S.D. Ohio Sep. 10, 2020) (same). These provisions should be revised to delete the requirement that all potential witnesses sign an undertaking before being questioned about Plaintiff. *See* Wyndham Defendant's Proposed Protective Order at 10 (Section III.C.iii-v).

***<u>Second</u>***, Plaintiff's proposed order would require the Wyndham Defendants to provide "7-day notice to the Plaintiff of the intention to contact [Plaintiff's] trafficker or the trafficker's associates." Dkt. 54 at 9 (Section III.C.xv). But the Wyndham Defendants cannot know the identity of Plaintiff's alleged trafficker or anyone who may have worked in concert with a trafficker until *after* a conversation occurs. Plaintiff's approach unreasonably places the Wyndham Defendants at risk of unwittingly violating the protective order and, again, inhibits the Wyndham Defendants from investigating Plaintiff's claims. While the Wyndham Defendants are not opposed to providing notice before contacting individuals ***whom Plaintiff has identified*** as her trafficker or the trafficker's associates or whom Plaintiff demonstrates pose a risk to her well-being, Plaintiff has refused to identify either group. Plaintiff's refusal is, again, at odds with how other courts have addressed this issue. *See, e.g., S.C. v. Wyndham Hotels & Resorts, Inc.,*

2023 WL 6290688, at *3 (N.D. Ohio Sept. 27, 2023) (requiring notice of disclosure to "Plaintiff's Alleged Trafficker(s) and their counsel," where "Plaintiff's Alleged Trafficker(s)" was defined as "individual(s) ***Plaintiff identifies in good faith*** as having engaged in sex trafficking Plaintiff") (emphasis added); *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-cv-00155-WHO, 2021 U.S. Dist. LEXIS 60426, at *15-16 (N.D. Cal. Mar. 4, 2021) (requiring notice of disclosure to "Plaintiff's ***alleged*** trafficker(s) or their ***known*** associates") (emphasis added); *M.L. v. Craigslist Inc.*, 2020 WL 5701835, at *2 (W.D. Wash. Sept. 24, 2020) (requiring notice of disclosure to "plaintiff's ***known*** trafficker(s) or plaintiff's traffickers' ***known*** affiliate(s) and their counsel") (emphasis added). This provision should be revised to clarify the scope of protection. *See* Wyndham Defendant's Proposed Protective Order at 12 (Section III.C.xv).

***<u>Third</u>***, Plaintiff has refused to include any representations supporting the basis for the relief sought. A party seeking a protective order must establish good cause for protection, which requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (internal quotations and citation omitted). "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." *Id.* Some plaintiffs asserting TVPRA claims maintain a public profile relating to their trafficking, and while that does not mean they are not entitled to any reasonable protections, it is relevant to evaluating what may be reasonable. Accordingly, Plaintiff should be required to include a representation in the protective order that demonstrates the particular and specific need for protections

concerning the disclosure of her identity. *See* Wyndham Defendant's Proposed Protective Order at 4 (Section II.A).

***Fourth***, Plaintiff's proposed definition of "Plaintiff's Identity" is overly broad because it includes information not specifically identified or described. *See* Dkt. 54 at 1 (Section I.D). In particular, the phrase "Plaintiff's personally identifiable information, including" renders the definition indefinite because it suggests that the term "Plaintiff's Identity" includes information other than what is specifically described. Additionally, inclusion of Plaintiff's "aliases" and "social media or online user account names" in the definition of Plaintiff's identity is unnecessary because there is no reason this information would disclose Plaintiff's identity unless it includes her name or other information already covered under the proposed definition for "Plaintiff's Identity," in which case this language is redundant. The definition of "Plaintiff's Identity" should be revised to clarify the scope of protection. *See* Wyndham Defendant's Proposed Protective Order at 1-2 (Section I.D).

***Fifth***, Plaintiff's proposed order seeks to make the protective order binding on "the Parties, their Outside Counsel, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control." Dkt. 54 at 17 (Section XI.C). This provision is redundant because the parties and their counsel are bound by any order entered in this case, and other persons intended to be bound by the protective order will sign the binding acknowledgement. Therefore, this provision is unnecessary and should be deleted.

## III. CONCLUSION

For these reasons, the Wyndham Defendants respectfully request that the Court enter the revised protective order submitted with this response, which will adequately protect Plaintiff while also permitting a reasonable investigation of her claims.

Date: July 2, 2024

By: s/*Erica H. MacDonald*
Erica H. MacDonald (#0387609)
Kacie Phillips Tawfic (#0399980)
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center,
90 South Seventh Street
Minneapolis, Minnesota 55402
T: 612.766.7161
Email: erica.macdonald@faegredrinker.com
kacie.tawfic@faegredrinker.com

David S. Sager (Admitted *pro hac vice*)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078
T: 973.520.2570
F: 973.520.2551
Email: david.sager@us.dlapiper.com

*Attorneys for Defendants*
*Wyndham Hotels & Resorts, Inc.,*
*Wyndham Hotel Group, LLC, and*
*Super 8 Worldwide, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

*/s/Erica H. MacDonald*