**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| T.S.,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS AND RESORTS, INC. f/k/a WYNDHAM WORLDWIDE CORPORATION, d/b/a SUPER 8 HOTEL, SARAH HOSPITALITY, INC., WYNDHAM HOTEL GROUP, LLC AND SUPER 8 WORLDWIDE, INC.,<br><br>Defendants. | Case No. 0:23-cv-02530-PJS-ECW |

# THE WYNDHAM DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

## I. INTRODUCTION

Defendants Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC and Super 8 Worldwide, Inc. (collectively, the "Wyndham Defendants") submit this supplemental brief in opposition to Plaintiff's Motion to Proceed under Pseudonym and for Protective Order ("Motion"), ECF No. 52.

## II. LEGAL STANDARD

As the Eighth Circuit has recognized, the ability to investigate the backgrounds of witnesses, both fact and expert, is central to the purpose of discovery: to "eliminate surprise" and to allow the parties to reasonably prepare for trial by obtaining "mutual knowledge of all the relevant facts." *Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir.

1993) (internal quotes omitted). For that reason, a party moving for a protective order bears the burden of showing "good cause." FED. R. CIV. P. 26(c); *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973), cert. denied, 414 U.S. 1162, 94 S. Ct. 926, 39 L. Ed. 2d 116 (1974). Additionally, the Court must consider any hardship to the non-moving party. *Gen. Dynamics Corp.*, 481 F.2d at 1212. The role of the Court regarding fundamental fairness is to ensure that both parties are on an equal footing in the proceedings. *Doe v. Tsai*, No. 08-1198, 2008 U.S. Dist. LEXIS 133649, at *10 (D. Minn. July 23, 2008).

## III. ARGUMENT AND AUTHORITIES

### A. Plaintiff seeks to impede the Wyndham Defendants' investigation of her claims.

Under the precedent cited above, Plaintiff's proposed order impermissibly impedes the Wyndham Defendants' investigation of her claims, and several portions of it are hopelessly vague. As an example of vagueness, Plaintiff seeks broad protections over her "personally identifiable information," but she refuses to identify what that is.[1] Does hair color fall within the scope of Court-ordered protection? Ok Under the plain language of Plaintiff's proposed order, it does.

As an example of impeding the Wyndham Defendants' investigation, Plaintiff seeks to invade work product protections by requiring that the Wyndham Defendants provide her with seven days' notice before speaking with any "associates" of her alleged trafficker, but she refuses to identify who these people are or even define the word "associate." If the Court enters Plaintiff's order without revision, the Wyndham Defendants will be left to

[1] Similarly, she seeks protection over all social media aliases, but she refuses to identify them.

guess as to whether potential witnesses fall within that category. If they guess wrong, they risk contempt. Court orders should not be so imprecise.

Another example of impeding investigatory activities is the limitation that information can only be disclosed to witnesses if such disclosure is "necessary" or "needed" to litigate this case. (Plaintiff's proposed order at IIIC.) It should be sufficient that lawyers admitted to practice before this Court believe in good faith that a witness has relevant information; that is the standard of discovery across the country. In any event, counsel cannot possibly know whether a conversation with a witness will result in "necessary" information until the conversation occurs. Again, guess wrong and risk contempt.

As discussed at the hearing, the requirement of an undertaking is another example of curtailment of the Wyndham Defendant's ability to investigate claims. Not all potential witnesses in this case are sophisticated parties used to signing formal court documents. The requirement that they do so before the Wyndham Defendants can ask a single question is virtually guaranteed to ensure that at least some witnesses will never provide a single answer.

While the Wyndham Defendants acknowledge that some level of protection is appropriate, the examples discussed above and in their prior brief exceed what is reasonable, and they impede the Wyndham Defendants' ability to investigate serious allegations. The Wyndham Defendant's proposed form of order properly balances Plaintiff's desire for protection with the Wyndham Defendants' need to investigate the

claims against them. The Court should enter the Wyndham Defendants' proposed form of protective order.

## IV. CONCLUSION

For these reasons, WHRI respectfully requests that the Court enter the proposed form of protective order previously submitted.

Date: August 5, 2024

/s/Erica H. MacDonald
Erica H. MacDonald (#0387609)
Kacie Phillips Tawfic (#0399980)
**FAEGRE DRINKER BIDDLE & REATH LLP**
200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
T: 612.766.7161
Email: erica.macdonald@faegredrinker.com
Email: kacie.tawfic@faegredrinker.com

David S. Sager (Admitted *pro hac vice*)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078
T: 973.520.2570
F: 973.520.2551
Email: david.sager@us.dlapiper.com

*Attorneys for Defendants Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, and Super 8 Worldwide, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

/s/Erica H. MacDonald
Erica H. MacDonald