# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

T.S.,

        Plaintiff,

        v.

Wyndham Hotels & Resorts, Inc.
*formerly known as* Wyndham
Worldwide Corporation, *doing
business as* Super 8; Sarah Hospitality,
Inc. *doing business as* Super 8
Brooklyn Center; Wyndham Hotel
Group, LLC; and Super 8 Worldwide,
Inc**.**

        Defendants.

Case No. 23-cv-02530 (PJS/ECW)

**ORDER TO CONSOLIDATE**

---

Jane Doe
*(T.S.), An Individual*,

        Plaintiff,

        v.

Wyndham Hotels & Resorts, Inc.;
Wyndham Hotel Group, LLC; Days Inns
Worldwide, Inc.; Maplewood Lodging,
LLC; Percy Pooniwala; Dinaz Pooniwala;
Janus Hotel Management Services, LLC;
and Super 8 Worldwide, Inc.,

        Defendants.

Case No. 25-cv-04161 (PJS/ECW)

**ORDER TO CONSOLIDATE**

---

This matter is before the Court on Plaintiff T.S.'s March 6, 2026 Motion to Consolidate (Dkt. 98, Case No. 23-cv-02530).  Plaintiff seeks to consolidate the related cases *T.S. v. Wyndham Hotels & Resorts, Inc.*, Case No. 23-cv-02530 (PJS/ECW) and *Doe v. Wyndham Hotels & Resorts, Inc.*, Case No. 25-cv-04161 (PJS/ECW) for the purpose of all pretrial proceedings.  (Dkt. 98, Case No. 23-cv-02530 at 1.)  The Motion is unopposed.  (*Id.*)

Plaintiff asserts that both cases arise out of "the same criminal trafficking scheme, involve the same plaintiff and criminal traffickers, involve multiple overlapping defendants, and require resolution of many overlapping factual and legal issues."  (Dkt. 99, Case No. 23-cv-02530 at 2.)  Further, Plaintiff argues that "Proceeding separately would invite duplicative discovery and inefficient motion practice, complicate protective order issues, and increase the risk of inconsistent rulings."  (*Id.*)

The Court concludes that these actions involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a).  Consolidation of these actions for pretrial proceedings would avoid unnecessary cost or delay, and would not lead to inefficiency, inconvenience, or unfair prejudice to a party.  *See* Fed. R. Civ. P. 42(a)(3), (b).

Having considered the unopposed Motion to Consolidate, and based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.      The Motion to Consolidate (Dkt. 98, Case No. 23-cv-02530) is **GRANTED**.

2.      The above-captioned cases are consolidated for all pre-trial proceedings.

3.      Pursuant to Rule 42 of the Federal Rules of Civil Procedure, any pretrial filings, submission, motions, and orders in the *Doe* action (Case No. 25-cv-04161) that

would be substantially similar if individually filed or entered in the *T.S.* action (Case No. 23-cv-02530) shall be consolidated and effective across both cases, as if individually filed or entered in each action.

4.      All future pretrial filings, submissions, and motions that would be substantially similar if individually filed or entered in the *Doe* action shall be filed only in the *T.S.* case (Case No. 23-cv-02530) and shall bear the *T.S.* caption.

5.      Nothing in this Order shall require the Parties to agree to consolidation of other phases of the actions, but it also shall not preclude the Parties from submitting additional stipulations concerning the potential consolidation of other claims, issues, or phases of the individual actions, including but not limited to trial.

6.      Nothing in this Order shall prevent the Parties from filing a discovery-related motion related solely to an individual case in that case.

7.      The parties are directed to submit to the Court a proposed scheduling order for consolidated pre-trial proceedings according to the Court's Order of February 19, 2026 (Dkt. 32, Case No. 25-cv-04161).

Dated: March 13, 2026

*s/Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge